# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD NULL,** | **CASE NO. 1:19-cv-00525-AWI-BAM** |
| **Plaintiff,** | |
| v. | **ORDER REMANDING LAWSUIT** |
| **LEPRINO FOODS COMPANY; and LEPRINO FOODS DAIRY PRODUCTS COMPANY,** | |
| **Defendants.** | |

In this lawsuit an employee is suing his two employers for violating California's Labor Code. The employee is Plaintiff Donald Null. The two employers are Defendant Leprino Foods Company and Defendant Leprino Foods Dairy Products Company (collectively "Defendants"). Null brings this lawsuit pursuant to California's Labor Code Private Attorneys General Act of 2004 ("PAGA"), meaning Null represents himself and a class of fellow employees to collect civil penalties from Defendants for violating the Labor Code.

This lawsuit was originally filed by Null in California's Superior Court for Kings County. Defendants then removed the lawsuit to this Court pursuant to 28 U.S.C. § 1441 and the Court's federal question jurisdiction. For the reasons discussed infra, the Court will remand this lawsuit back to California state court pursuant to 28 U.S.C. § 1447.

## I. Background

Defendants are cheese producers. One of Defendants' cheese producing plants is the "Leprino Food East" plant in Lemoore, California. Many employees work at the Leprino Food East plant, including Null. At the Leprino Food East plant, Defendants allegedly violated several California Labor Code laws relating to the employees' wages and breaks. On that basis, Null filed this lawsuit against Defendants in California state court.

According to Null's allegations, Defendants committed the following Labor Code violations: (1) failure to pay the employees minimum wage in violation of Labor Code §§ 1194,

1197, and 1197.1; (2) failure to pay overtime wages in violation of Labor Code §§ 510 and 1198; (3) failure to provide meal periods in violation of Labor Code §§ 226.7 and 512; (4) failure to provide rest breaks in violation of Labor Code §§ 226.7 and 512; (5) failure to timely pay wages upon termination in violation of Labor Code §§ 201, 202, and 203; (6) failure to timely pay wages during employment in violation of Labor Code § 204; (7) failure to provide complete and accurate wage statements in violation of Labor Code § 226; and (8) failure to keep accurate business records in violation of Labor Code § 1174.

After Null initiated this lawsuit in California state court, Defendants removed the lawsuit to this Court pursuant to 28 U.S.C. § 1441(a), which authorizes the removal of a state court lawsuit if the federal district court has original jurisdiction over the lawsuit. According to Defendants, the Court had original jurisdiction over the unpaid overtime wages violation pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. This is because Null was employed by Defendants pursuant to a collective bargaining agreement, and the collective bargaining agreement governs overtime wages. Consequently, according to Defendants, the unpaid overtime wages violation constituted a violation of the collective bargaining agreement, and a claim for a breach of a collective bargaining agreement is completely preempted by federal law under Section 301. See Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987) ("A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301. The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement.") (citations omitted).

As for the other alleged Labor Code violations — e.g., failure to pay minimum wages, failure to provide rest and meal breaks, failure to issue compliant itemized wage statements — Defendants asserted that those violations were removable to this federal court pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), which authorize the removal of an entire state court lawsuit if the lawsuit includes at least one claim over which the federal court has original jurisdiction.

After Defendants removed this lawsuit to this Court, Null moved for leave to amend his complaint. See Doc. No. 8. Specifically, Null moved to amend the overtime wages allegations so

that the alleged overtime violation would attack Defendants' liability and seek remedies only with respect to employees not covered by the collective bargaining agreement. Null's objective in seeking the amendment was obvious: by limiting the overtime wages allegations to employees not covered by the collective bargaining agreement, this lawsuit would no longer be subject to the preemptive power of Section 301, which in turn would mean that the federal question basis of this lawsuit would cease to be, which in turn would warrant this lawsuit being remanded back to California state court.

The Court granted Null's motion for leave to amend the overtime wages allegations. See Doc. No. 30. Null then filed his amended complaint, which is the operative complaint now before the Court. The overtime wages violations in the amended complaint attacks Defendants' liability and seeks remedies only with respect to employees not covered by the collective bargaining agreement. Consequently, Null's overtime wages claim is no longer subject to the preemptive power of Section 301, which in turn means that now all of Null's claims are purely California state law claims.

## II. Discussion

In this situation, where the federal question basis of a removed lawsuit ceases to exist at some point after the removal, the district court should not mechanically remand the lawsuit pursuant to 28 U.S.C. § 1447(c), which states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Instead, the district court "must decide whether the state-law claims should be resolved in federal court" pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367. Anderson v. Aon Corp., 614 F.3d 361, 365 (7th Cir. 2010) (Easterbrook, C.J.). See also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments. Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based.").

28 U.S.C. § 1367(c) identifies the following scenarios where district courts may decline to exercise supplemental jurisdiction over a state law claim:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).

Additionally, where the federal question basis of a removed lawsuit ceases to exist at some point prior to trial, the district court's discretion to discontinue exercising supplemental jurisdiction over the state law claims should be informed by the Gibbs values "of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966)). The Supreme Court has stated, and the Ninth Circuit has often repeated, that "in the usual case in which all federal-law claims are eliminated before trial, the balance of [Gibbs] factors will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

Here the Court concludes that this is a "usual case" where the federal question basis of this lawsuit no longer exists and the balance of Gibbs factors points toward declining supplemental jurisdiction over Null's California state law claims. As for economy, the Court has not allocated significant judicial resources to this lawsuit, so there will be no significant waste of this Court's judicial resources by remanding this lawsuit. As for convenience and fairness, there is no indication that any of the parties will be inconvenienced or prejudiced by litigating this lawsuit in California's Superior Court for Kings County, which is geographically encompassed within the federal Eastern District of California and is the forum where Null originally filed this lawsuit. As for comity, this consideration weighs strongly in favor of relinquishing supplemental jurisdiction because the California state courts have the primary responsibility for developing and applying their state law claims, including Null's wage-and-hour claims in this lawsuit.

/ / /

For the foregoing reasons, the Court elects to discontinue exercising supplemental jurisdiction over this lawsuit and will remand this lawsuit back to California state court.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. This lawsuit shall be REMANDED to California's Superior Court for Kings County; and
2. The Clerk of Court shall MAIL a certified copy of this order to the clerk of the Superior Court for Kings County.

IT IS SO ORDERED.

Dated: January 17, 2020

_____
SENIOR DISTRICT JUDGE